**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SHEILA CHRISTY MCGEE**                          **CIVIL ACTION**

**VERSUS**                                                          **NUMBER 14-2201**

**SOCIAL SECURITY ADMINISTRATION**        **SECTION  "G" (3)**

**ORDER**

Before the Court is an Application for Attorney's Fees and Costs Under the Equal Access to Justice Act [Doc. #18] filed by plaintiff, Sheila Christy McGee.  The motion is opposed in part. For the reasons stated below, it is ORDERED that the motion be GRANTED IN PART, in that the Commissioner is ordered to pay attorney's fees in the amount of $5,700.00 (38 hours at $150.00 per hour).[1]

**I.        The EAJA and Number of Hours Claimed**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).  A party who obtains a remand of a social security appeal pursuant to the fourth sentence of Section 405(g) – such as occurred here – qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v.*

---

[1]        Plaintiff does not seek costs in her petition.

*U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).  The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust.  *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

Plaintiff asks the Court for an award of $5,700.00 in attorney's fees under the EAJA for 38 hours of work performed at a rate of $150.00 per hour.  The government opposes only one facet of plaintiff's claim, that the fees be paid directly to counsel for plaintiff.[2]

## II.    Hourly Rate

In the petition, plaintiff's attorney seeks to recover fees at an hourly rate of $150.00.  For the following reasons, the Court finds that such an hourly rate is appropriate under the EAJA in this district.  Louisiana federal courts have noted that the EAJA provides in relevant part that the amount of fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors."  *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly authorized to figure cost of living increases into the hourly rate, courts within this district and within this state have often declined to award EAJA fees in excess of $125 per hour.  *See e.g., Passaro v. Barnhart*, No. 04-1300, 2005 WL

---

[2]    The Court's *sua sponte* review of counsel's itemization of hours reveals that the 38 hours expended in this lawsuit were reasonable.

1432368 (E.D. La. Mar. 27, 2005) (Barbier, J.) (finding that $125 fee satisfies the purposes of the act); *Buras v. Barnhart*, No. 01-618, 2004 WL 74315 (E.D. La. Jan. 14, 2004) (Zainey, J.) (collecting cases and finding that $125 is the accepted fee in the district); *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533 (E.D. La. June 20, 2003) (Vance, J.) (same); *Jackson v. Barnhart*, No. 01-1911, 2002 WL 927799 (E.D. La. May 7, 2002) (Barbier, J.) (same).

Only recently has this federal court awarded an hourly rate higher than $125. *See Dubois v. SoSoc. Sec. Admin.*, *Thibodeaux v. Astrue*, 914 F. Supp. 2d 789, 793 (E.D. La. 2012) (awarding hourly rate of $160 under the EAJA); *Ramos v. Astrue,* Civ. A. No. 11-1457, 2012 WL 3637868, *2 (E.D. La. Aug. 23, 2012) (awarding hourly rate of $150 under the EAJA); *Williams v. Astrue*, 2011 WL 5417116 (E.D. La. Oct. 14, 2011) (awarding hourly rate of $160.00 under the EAJA); *Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (same).

When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id.*

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992). Therefore, EAJA fees must be adjusted yearly. To do otherwise "in effect award[s] interest for the . . . delay in payment" and "is a prohibited award of interest against the United States." *Id.* at 1076-77. In *Dubois*, this Court calculated the cost-of-

living adjustment by comparing the Consumer Price Index ("CPI") when Congress enacted the EAJA to the CPI during the year in which counsel had performed the majority of its work in the lawsuit.  2014 WL 6485639, at *2 & n.2.  This Court need not do so again here, given that it has recently sanctioned $175.00 under the EAJA.  *See id.*

Accordingly, after due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the Court accepts the hourly rate of $150.00 per hour for this EAJA petition and those filed in the near future.   This Court accepted such an hourly rate in *Cavin v. Social Security Administration* – and, indeed, an even larger rate in *Dubois* – and is not inclined to downwardly depart at this time.  Civ. A. No. 12-1144, 2014 WL 28864 (E.D. La. Jan. 2, 2014); *see also Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (settling on an hourly rate of $150); *see also Thibodeaux*, 914 F. Supp. 2d at 793 (awarding hourly rate of $160 under the EAJA)*; Williams v. Astrue*, 2011 WL 5417116 (E.D. La. Oct. 14, 2011) (awarding hourly rate of $160.00 under the EAJA).  Accordingly, the Court finds reasonable an attorney-fee award in the amount of $5,700.00 (38 hours at $150.00/hour).

## III.    To Whom Defendant Shall Remit the Award

The Commissioner asks the Court to order her to pay the fees directly to the litigant.  While it is unclear whether plaintiff asks the Court to award the fees to counsel or to her directly, the Court grants the Commissioner's request.  This issue requires little deliberation as this Court has addressed it in earlier opinions under the EAJA.  In *Astrue v. Ratliff*, the United States Supreme Court explicitly held "that a § 2412(d) fees award is payable to the litigant" because the government has a statutory right to offset such a fee award to satisfy a pre-existing debt that the litigant may owe to

4

the United States. 560 U.S. 586, 588-89 (2010).  There, the Supreme Court held that the term

"prevailing party" in the EAJA refers only to the litigant and not to the litigant's attorney.  *Id.* at

591-92.  As Justice Sotomayor explained in her concurring opinion, "The EAJA does not legally

obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay

her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Id.*

at 599 (Sotomayor, J., concurring).  Accordingly, the fee is payable directly to the litigant here.

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Application for Attorney's Fees and Costs Under the Equal

Access to Justice Act [Doc. #18] be GRANTED IN PART, in that the Commissioner is ordered to

pay attorney's fees in the amount of $5,700.00 (38 hours at $150.00 per hour) to Sheila Christy

McGee.

New Orleans, Louisiana, this 30th day of July, 2015.

**DANIEL E. KNOWLES, III**
**UNITED   STATES   MAGISTRATE   JUDGE**

5